2018R00193/CBM/ZI

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. |
| v. | : Crim. No. 19- CR- 402 (SRC) |
| VENKATA S. MEENAVALLI | : 15 U.S.C. §§ 78j(b) & 78ff |
| | : 17 C.F.R. § 240.10b-5 |
| | : 18 U.S.C. § 2 |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### Background

1. At all times relevant to this Indictment, unless otherwise indicated:

   a. Longfin was a Delaware corporation that, at relevant times, was headquartered in New York, New York and Lyndhurst, New Jersey. Between December 2017 and May 2018, Longfin's Class A common stock traded on the NASDAQ stock exchange under the symbol "LFIN."

   b. Defendant VENKATA S. MEENAVALLI founded Longfin and served as Chairman and Chief Executive Officer ("CEO"). Defendant MEENAVALLI controlled, individually and through entities he owned or maintained an interest in, a majority of Longfin's voting equity, and more than 20% of Longfin's Class A shares. Defendant MEENAVALLI also controlled, or served as an officer of, numerous entities that engaged in sham transactions with Longfin, including SA Global, Meridian Enterprises Pte. Ltd., Meridian

Tech. HK Ltd., Stampede Enterprises, Stampede Capital Limited, and Source Media Inc.

   c. Public companies, such as Longfin, were required to file periodic reports (the "Public Filings") with the SEC, setting forth the results of their operations. One type of report, required to be filed on an annual basis, was known as a "Form 10-K." Another type of report, required to be filed on a quarterly basis, was known as a "Form 10-Q." CEOs of public companies, like defendant MEENAVALLI, were required to certify that their companies' Public Filings set forth their companies' results of operations truthfully and accurately.

   d. Longfin's Public Filings included the following:

    i. On or about April 2, 2018, Longfin filed with the SEC a Form 10-K for the year ended December 31, 2017. Defendant MEENAVALLI signed this Form 10-K.

    ii. On or about May 21, 2018, Longfin filed with the SEC a Form 10-Q for the quarter ended March 31, 2018. Defendant MEENAVALLI signed this Form 10-Q.

## The Securities Fraud Scheme

  2. From in or about 2017 through in or about 2018, defendant MEENAVALLI and others orchestrated a multi-million dollar accounting fraud relating to Longfin Corp. ("Longfin"), a publicly-traded company purportedly engaged in sophisticated commodities trading and so-called "cryptocurrency" transactions, including "blockchain-empowered solutions." In fact, Longfin

did not engage in any revenue-producing cryptocurrency transactions, and did not use the "blockchain" to empower any solutions at all. Rather, Longfin reported as revenue millions of dollars of commodities "transactions" which were actually sham, round-trip events, between Longfin and MEENAVALLI-controlled entities using phony bills of lading and other fraudulent documents. In total, and as part of defendant MEENAVALLI's scheme, Longfin fraudulently reported in its public filings with the United States Securities and Exchange Commission ("SEC") more than $66 million of revenue that was never actually earned and should never have been recognized.

### Goal of the Securities Fraud Scheme

3. It was the goal of the securities fraud scheme for defendant MEENAVALLI and others to report fraudulent transactions as Longfin's revenue and include that revenue in Longfin's Public Filings, which made Longfin's shares more attractive to potential purchasers of Longfin's stock.

### Manner and Means of the Securities Fraud Scheme

4. It was part of the securities fraud scheme that:

    a. Defendant MEENAVALLI owned or controlled several entities that purportedly did business with Longfin, and did not disclose those relationships to Longfin's shareholders or the investing public.

    b. Longfin's 2017 Form 10-K reported its primary source of revenue to be from "structured trade finance," including "the sale of physical commodities," and that Longfin falsely reported approximately $36.8 million in

3

accounts receivable from counterparties in purported physical commodity sales, which sales never occurred.

  c. Longfin falsely claimed, in its Public Filings, to have taken "title of the physical commodities," and to have assumed "the risks and rewards of ownership." In fact, however, Longfin never owned the underlying commodities: Longfin and its counterparties never exchanged funds and Longfin never took title or physical control over the commodities.

  d. Defendant MEENAVALLI and others forged documentation relating to certain supposed commodities "transactions" that it claimed as revenue in its Public Filings, including by:

    i. Forging signatures of Longfin employees and others on contracts and other documents;

    ii. "Recycling" the same bills of lading for multiple purported transactions; and

    iii. Concealing defendant MEENAVALLI's control or interest in purported counterparties with whom Longfin engaged in bogus transactions.

5. From in or about February 2017 through in or about May 2018, in Bergen County, in the District of New Jersey, and elsewhere, the defendant,

VENKATA S. MEENAVALLI,

by use of the means and instrumentalities of interstate commerce, the mails, and facilities of national securities exchanges, directly and indirectly, knowingly and willfully used manipulative and deceptive devices and contrivances in contravention of Title 17, Code of Federal Regulations, Section 240.10b-5, in connection with the purchases and sales of securities, to wit, shares of Longfin Corp., by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, in that he and others falsely represented, among other things, Longfin's revenue.

In violation of Title 15, United States Code, Section 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

1. As the result of committing the offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), as charged in this Indictment, the defendant,

VENKATA S. MEENAVALLI,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the said securities fraud offense, and all property traceable to such property.

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

A TRUE BILL

_____
FOREPERSON

_____
CRAIG CARPENITO
United States Attorney

CASE NUMBER: 19-CR-402 (SRC)

# United States District Court
## District of New Jersey

**UNITED STATES OF AMERICA**

v.

**VENKATA S. MEENAVALLI**

# INDICTMENT FOR

15 U.S.C. §§ 78j(b) & 78ff
17 C.F.R. § 240.10b-5
18 U.S.C. § 2

A True Bill

Foreperson

CRAIG CARPENITO
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

CATHERINE MURPHY
ZACH INTRATER
ASSISTANT U.S. ATTORNEYS
NEWARK, NEW JERSEY
(973) 297-2098/(973) 645-2728